STANDARD SUGAR REFINERY *v.* CASTANO *et al.*

(*Circuit Court, D. Massachusetts.* August 26, 1890.)

SALE—CONSTRUCTION OF CONTRACT.
    A contract for the sale of a cargo of from 700 to 800 tons of sugar, to be shipped from a certain port, is fulfilled by the delivery of only 700 tons, though shipped from said port as part of a cargo of 841 tons.

At Law.

From the agreed statement of facts, it appears that the plaintiff is a corporation engaged in the business of refining sugar at Boston, and that

the defendants are merchants carrying on business at Cienfuegos, in the island of Cuba, under the name of Castano & Intriago. On March 28, 1889, a contract was made at Boston, on behalf of the defendants, by their agent, duly authorized, for the sale to the plaintiff of a cargo of sugar, a copy of which contract here follows:

"BOSTON, March 28, 1889.

"Sold for account of Messrs. Castano & Intriago, to Standard Sugar Refinery, cargo 700–800 tons of Centrifugal sugar, April clearance by sail from Cienfuegos for Boston, at 4⅛ cts. per lb., cost and freight basis, 96 test, adding 1-32 ct. per lb. per degree for each degree above, or deducting 1-20 ct. per lb. per degree for each degree below 96 test, fractions in proportion. Invoice weight, marine insurance, to be provided by purchasers. Payment by three-days sight drafts against documents, to be sampled on landing, as usual, by buyer's and seller's samples, and 'the average of two Boston chemists' tests, these samples to be the basis of settlement. Shipment by first-class vessel.

"JAMES H. SHAPLEIGH & Co., Brokers, 32 Central Street."

The defendants, upon being advised at Cienfuegos of the making of this contract, proceeded to make inquiry for a vessel suitable for the shipment of the sugars sold. There was at the time no disengaged vessel in port, and he was informed that vessels were very difficult to obtain at the Windward islands, and, not finding upon this inquiry a suitable vessel of a capacity of between 700 and 800 tons of sugar, he, on April 2, 1889, rechartered from one Fred de Mazarudo, of Cienfuegos, the brigantine Motley, which was of a capacity greater than 800 tons. Soon after the making of the contract, the price of sugar began to rise. The defendant put on board of the Motley 5,979 bags of sugar, weighing 1,884,121 pounds net, or over 841 tons of 2,240 pounds, the gross weight of which exceeded 849 tons of 2,240 pounds; and on the 26th day of April, 1889, took from the master a bill of lading, in which Messrs. Perkins & Welsh, a firm of commission merchants doing business in New York, his agents in the United States, were named as consignees, at Boston, of said sugar. In the letter of May 7, 1889, from Perkins & Welsh to the plaintiff, they say that, owing to the scarcity of tonnage, it was found impossible to secure a vessel conveying between 700 and 800 tons, and they tender 700 tons at the contract price in fulfillment of the contract. This offer was declined by the plaintiff, and considerable correspondence passed between the parties. Subsequently Mr. Perkins came to Boston, and there received the cargo of the Motley. Interviews took place between him and the representatives of the plaintiff, but no settlement of the matter was reached between them; Mr. Perkins, in accordance with the defendants' instructions, insisting upon his tender of 700 tons of the sugar at the contract price, in full settlement of the defendants' liability under the contract of March 28th, and the plaintiff declining so to receive it. It was finally arranged between them that the plaintiff should accept the 700 tons offered, without prejudice to its right, if any, to demand the delivery of the remainder of the cargo, or any part of it, at the price named in said contract, and said 700 tons were so received and paid for by the plaintiff; and there-

upon the plaintiff brought this action. The remainder of the cargo, amounting to 316,122 pounds, was sold by Perkins & Welsh, acting for the defendants, to a third party, at 5 cents per pound, which was the market price of the sugar in Boston at the time the plaintiff claims it was entitled to receive the same.

*Benjamin Wadleigh,* for plaintiff.

*Melville M. Weston,* for defendants.

COLT, J., (*after stating the facts as above.*) The only question in this case is whether the plaintiff is entitled to recover any damages for breach of the contract which was made. The contract called for a cargo of from 700 to 800 tons of sugar. It appears that 700 tons of sugar were delivered to the plaintiff at the contract price. If the defendants had chartered a smaller vessel, and delivered a cargo of 700 tons to the plaintiff, there can be no doubt but that they had fulfilled their contract. Are the defendants obliged, under the circumstances, to do more than this? If the price of sugar had fallen instead of advanced, the plaintiff might have declined to receive any part of the cargo, on the principle that a cargo means the entire load of the ship which carries it, and that a contract for a cargo of from 700 to 800 tons is not performed if more or less than that quantity is delivered. But, the price of sugar having advanced, does this circumstance permit the plaintiff to call upon the defendants for 800 tons of sugar at the contract price? I am of opinion, as the defendants might have performed their contract by shipping a cargo of 700 tons, that in assessing damages for a breach of the contract they may select that alternative which is the least burdensome to themselves. Let judgment be entered for the defendants.